# UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re DEARBORN CONSTRUCTION, INC., dba DCI Design Associates,<br><br>Debtor.<br><br>_____<br><br>DAVID J. COOK, ASSIGNEE OF LOIS K. MURPHY, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>WILKINS CONCRETE, INC., et al.,<br><br>Defendants.<br>_____ | Case No. 2:06 MP 00013-PHX-CGC<br><br>UNDER ADVISEMENT<br>RE: MOTION FOR ASSIGNMENT OF RIGHTS UNDER FRCP 69, BANKRUPTCY RULE 7069 AND ARIZONA REVISED STATUTES |

Plaintiff David J. Cook, assignee of the Lois K. Murphy Trust, filed a "Motion for Assignment of Rights Under F.R.C.P. 69, Bankruptcy Rule 7069 and Arizona Revised Statutes 12-1631, 12-1632, 12-1633, 12-1634 and 12-1635" in July, 2006, seeking a broad order from this Court allowing him to all payments due Defendant Wilkins Concrete, Inc. from any third party, including "family members, business associates, partners, assignees, and other persons acting on his behalf," pursuant to A.R.S. sections 12-1631 *et seq*. In addition, Cook requested the Court to compel Defendant to appear every sixty days and testify as to the nature and extent of any accounts owing to him and upon which Cook could collect.

Since filing this original motion, and after a hearing before this Court, Cook has significantly narrowed the scope of relief he seeks, now essentially wanting those funds due the Defendant from his contracting and renovation customers: "all accounts and accounts receivable, rights to payment of money and deposits due the Defendant, arising out of any

contracting and/or subcontracting and/or renovation of any real property, be and the same are assigned to Plaintiff, in an amount sufficient to satisfy the judgment." He has abandoned his far reaching request to all monies due Defendant from whomever and that arose under any circumstance. He has also abandoned his request for an accounting every sixty days from Defendant.

Cook seeks this relief as a result of a $16,540.01 judgment purchased by Cook from Trustee Lois K. Murphy ("Murphy"). Murphy obtained a default judgment against Defendant in an adversary proceeding brought in the bankruptcy case of Dearborn Construction, Inc. before the Bankruptcy Court for the District of Idaho back in October of 2004. Not only did Defendant never appear in that matter, it has never appeared in this pending proceeding either.

Initially, Cook appeared before this Court in September, 2006, at which point the Court indicated that it was not convinced that legal authority supported this matter being presented in this Bankruptcy Court. Cook indicated that he would like to submit supplemental briefing on the issue, so the matter was continued. That additional briefing has now been provided and the matter presented to the Court on October 12, 2006. Based on the supplemental memorandum, the Court is now satisfied that this Court has jurisdiction to consider the issues and enter relief to Cook if appropriate under Arizona law.

The Court agrees with Cook that 28 U.S.C. section 1963 provides for relief in the District of Arizona:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court . . . may be registered by filing a certified copy of the judgment in any other district or . . . in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

Further, as the underlying default judgment arose from a bankruptcy preference action, the matter properly lies with this Court as a unit of the district court and pursuant to 28 U.S.C. sections 1334(b) and 151, allowing for concurrent jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11.

The question then becomes the scope of Cook's requested relief, however. Originally, as stated above, Cook sought extremely broad relief against "all accounts, accounts receivable,

rights to payment of money, contingent rights, contract rights, deposits and deposit accounts, claims against third parties, monies due from third parties, due and in favor of and for the benefit of Defendant Wilkins Concrete, Inc., or any of the Defendant's family members, business associates, partners, assignees, and other persons acting on his behalf," pursuant to A.R.S. sections 12-1631 *et seq.* In his supplemental memorandum, Cook has limited his requested relief, seeking an order that "all accounts and accounts receivable, rights to payment of money and deposits due the Defendant, arising out of any contracting and/or subcontracting and/or renovation of any real property, be and the same are assigned to Plaintiff, in an amount sufficient to satisfy the judgment in the amount of $16,540.01."

Cook relies on A.R.S. sections 12-1631 *et seq*. for this order. In the Court's view, Title 12, Chapter 9 does not provide for such an order in the absence of an actual proceeding before this Court in which the persons or entities against whom the judgment is sought to be collected can have an opportunity to appear and challenge such relief. Cook separately relies upon section 12-1634 to support his request for a general order against unidentified property without analyzing it in the context of the whole article on Supplemental Proceedings. Section 12-1634 cannot be read alone. One must look at the entire section on Supplemental Proceedings to see that these series of statutes, read together, are a means to an end, and not the end itself. Simply put, these statutes provide the process through which a judgment creditor may obtain the necessary information to collect its judgment using normal procedures, such as garnishment or attachment. It does not create an independent method of collection, devoid of notice and an opportunity to be heard, against unidentified property in the hands of unknown third parties.

Chapter 9 of Title 12, the chapter within which sections 12-1631 et seq. is found, is entitled "Special Actions and Proceedings to Enforce Claims or Judgments." It contains several articles providing various collection proceedings that can be commenced against a judgment creditor to obtain recovery, such as Article I. Arbitration, Article 2. Attachment, Article 4. Garnishment of Monies or Property and so on. Article 8, the provisions relied on by Cook, are entitled "Supplemental Proceedings." Article 8 begins with section 12-1631, which speaks to

3

the judgment creditor's ability to have an order from the court ordering a judgment debtor to appear for answer questions about his assets. As was stated in *Lore v. Citizens Bank of Winslow,* 51 Ariz. 191, 75 P.2d 371 (1938), a supplemental proceeding seeks only to ascertain what tangible and intangible property the judgment debtor has to satisfy his debts. Although still part of the original case giving rise to the judgment, and docketed as such, it is essentially a new and independent action involving different issues.

Section 12-1633, in turn, allows anyone indebted to the judgment debtor to pay "to the officer holding the writ the amount of his debt or so much thereof as is necessary to satisfy the execution." In *Fry's Food Stores of Arizona, Inc., v. CBM of Arizona, Inc.,* 636 F. Supp. 168 (D. Ariz. 1986), the district court interpreted this provision authorizing satisfaction of a judgment from debtor's property in the possession of a third party, but only after preseizure notice to the third party and a hearing. Note, however, the court also concluded that section 12-1633 violated due process because it failed to provide notice to the judgment debtor of the proceeding against the third party.

We then come to section 12-1634, entitled "Attendance of witnesses; application of property toward satisfaction of judgment," the precise section upon which Cook relies for his order. Section 12-1634 begins by stating that in subsection (A) that "[w]itnesses may be required to appear and testify before the court . . . upon any proceeding under this article as upon trial of an action." It then states in subsection (B) that "the court may order any property of the judgment debtor not exempt from execution, in the hands of any person or due the judgment debtor, to be applied toward satisfaction of the judgment." While the Court agrees that this section, and the prior ones, clearly allow a judgment creditor to reach property in the hands of third parties, subsection (B) is not the vehicle through which the relief is granted. In fact, if one looks at the next section of Article 8, section 12-1635, it expressly states that the judgment creditor must first identify the property against which he would like to collect and the person holding such property before an order can issue allowing him to collect on that property:

A. If it appears that a person alleged to have property of the judgment debtor or
4

> to be indebted to him claims an interest in the property adverse to the judgment debtor or denies the debt, the court may order the judgment creditor to institute an action for recovery of such interest or debt and forbid any disposition of the interest or debt until an action can be commenced and prosecuted to judgment.

Such was the process used in *Hegel v. O'Malley Ins. Co., Inc.,* 122 Ariz. 52, 593 P.2d 275 (1979), where O'Malley, a judgment creditor, filed suit against various third parties it alleged were debtors of the judgment debtor pursuant to 12-1365. Similarly, in *Fry's Food Stores of Arizona, Inc.*, mentioned *supra*, the court clearly accepted the notion that in order to collect against a third party, supplemental proceedings had to be filed against the third party in order to collect the debt.

Nothing in this series of statutes suggests that a judgment creditor can simply seek a general order allowing him to collect any monies he may believe a third party may owe the judgment debtor. Fundamental due process principles counsel against this wholly unsupervised process. Without any guidance from the state courts to such an effect, this Court declines to reach so far, especially where traditional remedies of garnishment and attachment exist and are available once property in the hands of third parties has been identified.

Therefore, for the foregoing reasons, the Court denies Cook's request for a broad assignment order. Cook is free to proceed to collect his judgment in accordance with this order.

So ordered.

**DATED:** October 24, 2006

CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

**COPY** of the foregoing mailed by BNC and/or
sent by auto-generated mail to:

David J. Cook
Cook, Perkiss & Lew, P.L.C.
333 Pine Street, Suite 300
San Francisco, California 94104-3381
Pro se movant

5

Wilkins Concrete, Inc.
C/O Registered Agent Orson Wilkins
629 S. 54th Street
Mesa, Arizona 85206-2273
Defendant